# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LEON BRADLEY, | : | |
| --- | --- | --- |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN, et al., | : | No. 02-1606 |
| Respondents. | : | |

## MEMORANDUM

**Schiller, J.** September 20, 2019

Pro se Petitioner, Leon Bradley, filed this motion to alter or amend judgment seeking relief from this Court's November 18, 2002 dismissal of his habeas corpus petition. For the reasons that follow, Petitioner's motion is denied.

## I. BACKGROUND

On May 27, 1993, a jury convicted Bradley of first-degree murder, arson, and burglary. The trial court sentenced him to life imprisonment. Thereafter, the Pennsylvania Superior Court affirmed Bradley's judgment of sentence and the Pennsylvania Supreme Court denied his allocatur petition. *See Commonwealth v. Bradley*, 644 A.2d 803 (Pa. Super. 1994), *appeal denied*, 651 A.2d 531 (Pa. 1994).

On September 19, 1995, Petitioner filed his first petition for collateral relief pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. The PCRA court denied the petition and the Superior Court affirmed that decision on June 5, 1997. *See Commonwealth v. Bradley*, 700 A.2d 1022 (Pa. Super. 1997). On February 24, 1998, the Pennsylvania Supreme Court denied allocatur. *Commonwealth v. Bradley,* 716 A.2d 1247 (Pa. 1998).

On April 9, 1999, Petitioner filed a second PCRA petition, which was dismissed for lack of jurisdiction, as it was filed more than one year after his judgment of sentence became final. *See* 42 Pa. C.S.A § 9545. Bradley alleged that his second PCRA petition fell under the "newly-discovered evidence" exception to the jurisdictional time-bar based on having located a previously unavailable alibi witness. The PCRA court determined, and the Superior Court affirmed, this did not constitute newly-discovered evidence, as Petitioner was obviously aware of the existence of a potential alibi witness at the time of trial but failed to exercise due diligence to procure her testimony at that time. *See Commonwealth v. Bradley*, 776 A.2d 1002 (Pa. Super. Ct. 2001), *appeal denied*, 567 Pa. 720, 786 A.2d 985 (2001).

On March 25, 2002, Bradley filed the petition for habeas corpus that is the subject of the instant motion. This Court adopted the report and recommendation of Magistrate Judge Thomas J. Reuter and dismissed the petition as untimely, as required by the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"), 28 U.S.C. § 2244. This Court denied Petitioner's motion to reopen the habeas petition on March 11, 2005. In that motion, Bradley argued the statute of limitations on his habeas petition should have been equitably tolled based on his attorney's failure to notify him when the Pennsylvania Supreme Court dismissed his second PCRA petition. This Court held that Petitioner's claim relating to counsel for his second PCRA was unrelated to the dismissal of his habeas petition.

On November 25, 2008, Bradley filed a third PCRA petition, in which he "alleged after-discovered evidence warranting a new trial[,] in the form of recantation testimony from two key Commonwealth witnesses." *Commonwealth v. Bradley*, 2013 WL 11288891, at *1 (Pa. Super. Ct. Jan. 30, 2013). The PCRA court held hearings on the allegations in the third petition, but

ultimately denied relief. Thereafter, on January 19, 2018, Petitioner filed the instant motion, seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(6).

## II. STANDARD OF REVIEW

"Rule 60(b) is a catch-all provision that authorizes a court to grant relief from a final judgment upon limited grounds, including, *inter alia*, any reason that justifies relief." *Joseph v. Beard*, Civ. A. No. 02-2744, 2015 WL 1443970, at *2 (E.D. Pa. Mar. 27, 2015); Fed. R. Civ. P. 60(b)(6). Courts are directed to exercise this broad power under Rule 60(b)(6), "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).

## III. DISCUSSION

Here, Petitioner essentially presents two arguments. First, he contends that his petition should not have been barred by the AEDPA statute of limitations. And second, even if the petition was properly barred by the statute of limitations, it should be reopened for equitable purposes, based on his substantial claim of actual innocence.

Preliminarily, "a 60(b) motion that challenges a district court's failure to reach the merits of a petition based on the statute of limitations does *not* constitute a second or successive habeas petition." *U.S. v. Andrews*, 463 F. App'x 169, 172 (3d Cir. 2012). Petitioner argues that the statute of limitations should not have barred this Court from reaching the merits of his habeas petition. He argues the statute of limitations should have been equitably tolled while his *second* PCRA petition was pending in state court. He alleges that because of his attorney's error, he was unaware when the Pennsylvania Supreme Court declined to review the dismissal of his *second* PCRA petition. The Court refers Petitioner to its disposition of the very same issue by Memorandum and Order dated March 11, 2005 (ECF Doc. No. 27). His attorney's failure to advise him of the

Pennsylvania Supreme Court's determination regarding his second PCRA is unrelated to this Court's dismissal of his habeas petition. Petitioner asserts that "subsequent binding precedent has established that attorney error [of this kind] may warrant equitable tolling of the AEDPA time limitations." (Pet.'s Mot. to Alter or Amend J. at 12). Petitioner ignores, however, that the case to which he seems to refer established only that ineffective assistance of counsel in the "initial-review collateral proceeding" may constitute "cause" for a petitioner's procedural default of a claim of ineffective assistance at trial. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Petitioner does not advance the argument that counsel on his initial-review collateral proceeding, his original PCRA petition, was ineffective. Thus, this claim warrants no relief.

Similarly, Petitioner argues that the statute of limitations should have been tolled because, although the PCRA court dismissed his second PCRA petition as untimely, it was, in fact, "properly filed" for purposes of the AEDPA. 28 U.S.C. § 2244(d)(2). Petitioner asserts that his second PCRA petition should have been considered timely because it fell under the "newly discovered evidence" exception to the PCRA's statute of limitations. (Pet.'s Mot. to Alter or Amend J. at 12). However, where a state court ultimately holds that a post-conviction petition is untimely, it is not "properly filed" and does not toll the AEDPA's statute of limitations. *Pridgen v. Shannon*, 380 F.3d 721, 729 (3d Cir. 2004). Moreover, Petitioner filed his second PCRA petition after the statute of limitations to file a federal habeas petition had run. Petitioner is not entitled to relief on his statutory tolling claim.

Finally, Petitioner alleges that his habeas petition should be reopened and considered on the merits due to his claim of actual innocence. To be successful in such a claim, a petitioner must establish that in light of the new evidence presented by the petition, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v.*

4

*Delo*, 513 U.S. 298, 328 (1995). Petitioner has not made the required showing. None of the evidence to which Petitioner points meets the standard of "new reliable evidence" as described in *Schlup*, such as, "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. Moreover, all of the evidence to which Bradley refers has been reviewed and/or addressed in state court collateral proceedings and found to be unconvincing. Thus, it cannot be said that based on the evidence presented by Bradley, no reasonable juror would have found him guilty beyond a reasonable doubt.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's motion is denied. An order consistent with this Memorandum will be docketed separately.